WALLER, CHIEF JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶32.1 concur with the majority’s rulings on the issues of recusal and MAPDD’s intervention. However, because I believe that the Southern Mississippi Planning and Development District (“the District”) is a public body subject to the Public Records Act and Open Meetings Law, I respectfully dissent in part.
¶33. Planning and development districts are public bodies and must comply with the Public Records Act and Open Meetings Laws. Under Mississippi’s Open Meetings Laws, a public body is defined as that “which1 is supported wholly or in part by public funds or expends public funds.” Miss. Code Ann. § 25-41-3 (Rev. 2010). Under Mississippi’s Public Records laws, a “public body” is defined as “any other entity created by ... executive order ...,” Miss. Code Ann. § 25-61-3 (Rev. 2010).
¶34. Additionally, Mississippi’s Public Procurement Laws define “governing authority” as “any political subdivision of the state supported wholly or in part by public funds of the state of political subdivisions.” Miss. Code Ann. § 31-7-l(b) (Rev. 2010). The ethics in government laws define “government” as “any ... institution ... created by ... executive order including all units that expend public funds.” Miss. Code Ann. § 25-4-3 (Rev. 2010).
¶35. The Legislature clearly has recognized planning and development districts as public agencies for some purposes. See Miss. Code Ann. § 17-17-305 (Rev. 2012) (defining a "public agency” as a “planning and development district .... ”); Miss. Code Ann. § 17-17-501 (Rev. 2012) (defining “public agency” as a “planning and development district .... ”).
¶36. The District fits the description of a public body as defined in these statutes. Athough the District was incorporated as a nonprofit corporation in 1966, five years later, Governor Williams entered Executive Order 81. This order “officially designated all of MS planning and development districts as the regional clearinghouses for federal programs and coordination of federal grants.” And the Mississippi Association Planning and Development District Directory states that this order “designated the Planning and Development District as Mississippi’s official sub-state regions.”
¶37. What’s more, the closed membership of the District is limited to fifteen county governments and incorporated municipalities contained within those fifteen counties, which are “wholly” supported by public funds. There are no nongovernmental members of the District. And there are no private or individual donors to the District. The District follows the Governmental Accounting Standards Board (GASB) in filing its annual tax returns and not the Financial Accounting Standard Board (FASB). Those standards are exclusively applicable by rule for accounting and financial statements for the United States government, State governments, and local governments. The District does not pay ad valorem taxes within Harrison County because the assessor treats the District as a unit of government.
¶38. The District also goes into “executive session” under Section 25-4r-7 of the Mississippi Code, which governs closing of a public body’s meetings to conduct public business. This statute is applicable only to public bodies. The District is subject to audit by the state auditor. After acknowledging the “continuous public character of the PDD’s purposes and functions,” the Attorney General’s Office in McLeod *199 opined that “it is our opinion that Planning and Development Districts [sic] are either public entities or instrumentalities of political subdivisions of the state and, as such, are subject to audit by the State Auditor.” McLeod, Op. Att’y Gen. No. 2003-0573(2003).
¶39. Kinney is a taxpayer. And the District is supported with taxpayer money. As Kinney correctly argues, “the District’s self-designation as a non-profit cannot be construed as a shield preventing the Court from inquiring into the nature of the funds it holds and the purposes for which is operates.” Kinney—as a taxpayer of the county in which the District operates—had every right to the records of the District.
¶40. For these reasons, I believe that the District is a public agency, subject to the Mississippi Public Records Acts, open meetings requirements, auditing requirements, procurement laws, and all other rules and regulations applicable to public agencies. Thus, I believe the circuit court erred in granting the District’s and MAPDD’s motions for summary judgment.
DICKINSON, P.J., KITCHENS AND KING, JJ., JOIN THIS OPINION.